NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSE VIELMAN MANCIA-SALAZAR, | : | |
| | : | Civil Action No. 17-147 (JMV) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CHARLES GREEN, | : | |
| | : | |
| Respondent. | : | |

APPEARANCES:

ROGER H. PONCE
Ponce Law Group
4163 W. Beverly Blvd.
Los Angeles, CA 90004
    on behalf of Petitioner

KHRUTI D. DHARIA
Office of the U.S. Attorney
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102
    on behalf of Respondent

**VAZQUEZ**, United States District Judge

    On January 9, 2017, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), challenging his prolonged detention by U.S. Immigration and Customs Enforcement ("ICE"). On March 13, 2017, Respondent filed a response to the petition, opposing habeas relief on the basis that Petitioner, as an inadmissible alien detained under 8 U.S.C. § 1225(b), has less due process protection than aliens who are detained under 8 U.S.C. § 1226(c) after they have been lawfully admitted to the United States. (ECF No. 6.) The petition presents

the issue of what, if any, procedural due process protections apply to Petitioner, who is considered an applicant for admission into the United States. Neither the Supreme Court of the United States nor the Court of Appeals for the Third Circuit have directly ruled on this issue. For the reasons that follow, the Court grants the petition and orders that Petitioner receive a bond hearing before an Immigration Judge within thirty days of this Opinion and accompanying Order.

## I. BACKGROUND

In his petition for habeas corpus relief pursuant 28 U.S.C. § 2241, Petitioner alleges he has been in the custody of ICE and held in Essex County Correctional Facility since January 26, 2016. (ECF No. 1, ¶6(d).) Petitioner is a native and citizen of El Salvador. (ECF No. 6-2 at 2.) He was detained by ICE after attempting to enter the United States with a false U.S. passport at the Otay Mesa Port of Entry, and he requested a credible fear interview with an asylum officer. (*Id.* at 3, 5.) An asylum officer found that he had a credible fear of persecution or torture. (ECF No. 6-3 at 2.) Petitioner was charged as an inadmissible alien under 8 U.S.C. § 1182(a)(6)(C)(i); (a)(6)(C)(ii); (a)(7)(A)(i)(I). (*Id.*)

On August 25, 2016, an Immigration Judge ("IJ") denied Petitioner's motion for a bond hearing. (ECF No. 6-4 at 2.) Petitioner appealed to the Board of Immigration Appeals, arguing that the holding in *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011), which requires a bond hearing after unreasonably prolonged pre-removal order detention, should apply to him. (ECF No. 1 at 28.) On October 4, 2016, the BIA affirmed the IJ's decision. (ECF No. 6 at 3.) Petitioner requested parole from custody, which was denied on September 16, 2016, because he did not meet the criteria of "urgent humanitarian reasons" or "significant public benefit." (ECF No. 6-5 at 2.)

Petitioner's primary assertion for habeas corpus relief is that his current detention has

exceeded a reasonable period of time, thereby violating due process, and that he is entitled to a bond hearing. Petitioner argues that the holding in *Diop* should be applied to arriving aliens, like himself, because they are under mandatory detention pursuant to § 1225(b) and the Due Process Clause limits detention to a reasonable period of time. (ECF No. 1, ¶¶11(c), 13.)

Respondent counters that inadmissible aliens are entitled to less due process protection than those who have been admitted. (ECF No. 6 at 3, 5.) Respondent further argues that inadmissible aliens have no constitutional right to be at large in this country and may be detained indefinitely. (*Id.* at 5-6.) (citing *Zadvydas v. Davis*, 533 U.S. 678, 682, 692-95 (2001)).

While acknowledging that the Third Circuit has not addressed the constitutionality of detention under § 1225(b), Respondent maintains that the Third Circuit has nevertheless expressed doubt about the merits of any such challenge. (*Id.* at 7.) (citing *Tineo v. Ashcroft*, 350 F.3d 382, 399 (3d Cir. 2003)). Thus, Respondent concludes that 8 U.S.C. § 1225(b)(2)(A) imposes no durational limit or bond-hearing requirement. (*Id.* at 8.) Respondent adds that the detention of inadmissible aliens does not violate due process where "appropriate provisions for parole are available." (*Id.* at 8-9.) Respondent suggests, alternately, that if any protection is provided to inadmissible aliens under the Due Process Clause, the protection should be limited to "appropriate provisions for parole" as discussed in *Chi Thon Ngo v. INS*, 192 F.3d 390, 396 (3d Cir. 1999).[1] (*Id.* at 7-8.)

---

[1] In *Chi Thon Ngo*, the Third Circuit held that "excludable aliens who have committed serious crimes in this country may be detained in custody for prolonged periods when the country of origin refuses to allow the individual's return . . . [and] such detention . . . is constitutional if the government provides individualized periodic review of the alien's eligibility for release on parole." *Id.* at 392.

II.     DISCUSSION[2]

Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), which states, in relevant part:

> [I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under [8 U.S.C.] § 1229a.

Arriving aliens are inspected immediately upon arrival in the United States and, unless "'clearly and beyond a doubt entitled to be admitted,'" are placed in "removal proceedings to determine admissibility." *Clark v. Martinez*, 543 U.S. 371, 373 (2005) (quoting 8 U.S.C. § 1225(b)(2)(A)). Arriving aliens are subject to expedited removal and are not entitled to a hearing or appeal on the determination of inadmissibility. 8 C.F.R. § 1235.3(b)(1)(i), (b)(2)(ii)). If an arriving alien applies for asylum or demonstrates a fear of persecution, he is referred for a credible fear interview with an asylum officer. 8 U.S.C. § 1225(b)(1)(A)(ii), (b)(1)(B)(i). If the alien is found to have a credible fear of persecution, he is placed in removal proceedings under 8 U.S.C. § 1229a, rather than the expedited removal proceedings, for a determination of the asylum claim. *Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 425-26 (3d Cir. 2016); 8 C.F.R. § 208.30(f).

Pursuant to the statutory and regulatory scheme, § 1225(b)(2)(A) essentially requires mandatory detention for aliens. 8 C.F.R. § 235.5(b)(2)(iii); *see also Tineo*, 350 F.3d at 387. Such aliens are not entitled to a bond hearing in, *see, e.g.*, 8 C.F.R. § 1003.19(h)(2)(i)(B), but the statute does permit the Attorney General, through the Department of Homeland Security, to parole such aliens into the United States if "urgent humanitarian reasons or significant public benefit" so warrant. *See* 8 U.S.C. § 1182(d)(5)(A). This is the only parole relief contemplated by the statute

---

[2] The Court has jurisdiction over this matter because Petitioner is in custody, allegedly in violation of the United States Constitution, within the Court's jurisdiction. 28 U.S.C. § 2241; *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

and regulations. In addition, an immigration judge does not have authority to review the Attorney General's parole determination. 8 C.F.R. § 1003.19(h)(2)(i)(B).

This statutory limitation means that an arriving alien, like Petitioner, does not receive a hearing to determine if the justifications of flight risk and danger to the community apply to his detention. 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 1003.19(h)(2)(i)(B). As result, unless required by the Constitution, Petitioner is not entitled to release or bond hearing pursuant to the statutory scheme.

In this matter, the question turns on whether the Due Process Clause provides relief for Petitioner. As noted, neither the Supreme Court[3] nor the Third Circuit has addressed whether due process requires a detainee, being held pursuant to § 1225(b)(2)(A), to receive a bond hearing following a certain period of detention. Pursuant to a different statute, 8 U.S.C. § 1226(c), which mandates pre-removal order detention for criminal aliens, the Supreme Court held that detention without the possibility of bond for "the limited period of [] removal proceedings" is constitutional. *Demore v. Kim*, 538 U.S. 510, 530-31 (2003). Like § 1225(b)(2)(A), § 1226(c) indicates that the Government shall take into custody those removable aliens who have been convicted of certain crimes, and does not provide for a bond hearing once those aliens have been detained.

Following *Demore*, the Third Circuit concluded that § 1226(c) detention may raise constitutional concerns if detention becomes unreasonably prolonged. *Diop*, 656 F.3d at 223. In

---

[3] The Ninth Circuit in *Rodriguez v. Robbins* held that mandatory detention during removal proceedings under § 1225(b) is implicitly limited to a reasonable period of time. 804 F.3d 1060 (9th Cir. 2015), *cert. granted sub nom., Jennings v. Rodriguez*, 136 S. Ct. 2489 (2016). The Ninth Circuit stated, "'the mandatory provisions of § 1225(b) simply expire at six months, at which point the government's authority to detain the alien shifts to § 1226(a), which is discretionary and which we have already held requires a bond hearing.'" *Id.* at 1070 (citing *Casas-Castrillon v. Dep't. of Homeland Sec.*, 535 F.3d 942, 948 (9th Cir. 2008)). The Supreme Court did not issue a decision in this matter in its October 2016 term.

*Diop*, the Third Circuit stated that the reasonableness of a period of detention is "a function of whether it is necessary to fulfill the purpose of the statute." *Id.* at 234. Once detention becomes unreasonably prolonged, "the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Id.* at 231. *Diop*, however, did not indicate a specific period of time commensurate with a reasonable period of detention. The Third Circuit addressed the length of detention in *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). In that case, the Third Circuit clarified that, at least where no evidence of bad faith on the part of the petitioner has been presented, "beginning sometime after the six-month timeframe considered by *Demore*, and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." 783 F.3d at 478.

Importantly, however, a petitioner held pursuant to § 1226(c) is considered to be an alien who previously entered the country. By comparison, a petitioner held under § 1225(b)(2)(A) is legally considered to have never entered the United States. Petitioner here falls into the latter category. Petitioner's status impacts the due process analysis. As the Supreme Court in *Zadvydas* observed, it "is well established that certain constitutional protections available to persons inside the United States are unavailable to aliens outside of our geographic borders[.]" 533 U.S. at 693. By comparison, as the Supreme Court in *Zadvydas* explained, an alien's treatment "as if stopped at the border" has historically been held sufficient to justify lengthy and seemingly interminable detention. 533 U.S. at 692-93 (citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953)). Thus, an alien who is an applicant for admission, as is Petitioner, is legally treated as

6

if stopped at the border and is therefore entitled to something less than the full array of rights usually conferred by the Due Process Clause.

The issue then becomes whether Petitioner's procedural due process rights[4] permit the government to hold him indefinitely in light of the two narrow categories under which Petitioner is eligible for parole. Judge Linares confronted this precise issue in *Damus v. Tsoukaris*, No. 16-933, 2016 WL 4203816 (D.N.J. Aug. 8, 2016). Following a thorough analysis of the legal issues, Judge Linares observed that federal courts were split on the issue. *Id.* at *4 (collecting cases). The *Damus* court noted that a number of courts have found that the distinction between aliens being held pursuant to § 1226 and those being held under § 1225(b)(2)(A) is constitutionally insufficient to treat them differently so that those being held pursuant to § 1225(b)(2)(A) are also subject to a reasonable time limit. *Id.* (citations omitted). On the other hand, Judge Linares wrote, a number of federal courts have rule that the distinction is critical so that those aliens being detained under § 1225(b)(2)(A) are not entitled to a bond hearing while their removal hearings are pending. *Id.* (citations omitted). Ultimately, the court in *Damus* ruled that "an alien's detention subject to § 1225(b)(2)(A) is subject to the limitation that his detention may continue only for a reasonable time at which point his continued detention would need to be warranted by more than a presumption based on his status as an applicant for admission alone." *Id.* In other words, the *Damus* court concluded that aliens with the same status as Petitioner did have some procedural

---

[4] The question presented here concerns procedural, rather than substantive, due process. The Sixth Circuit has ruled that an alien stopped at the border nevertheless retains some substantive due process protections. *See Rosales-Garcia v. Holland*, 322 F.3d 386, 412 (6th Cir. 2003) (en banc) (holding that at least the substantive portion of the Due Process Clause must apply to even those aliens at the border as to hold otherwise would permit the Government to "torture or summarily execute them[,]"a preposterous proposition); *see also Lynch v. Cannatella*, 810 F.2d 1363, 1366 (5th Cir. 1987) (observing that an excludable alien may not be subjected to brutality by government officials).

due process rights. Judge Linares, however, found that such aliens had less due process protections than those being held under § 1226(c) so that the reasonableness presumption announced by the Third Circuit in *Chavez-Alvarez* did not apply. *Id.* While the court in *Damus* acknowledged that "it is unclear at what point in time such concerns would rise to level of requiring redress," it nevertheless held that the petitioner's detention of approximately eleven months was not yet unreasonable. *Id.*

Following *Damus*, Judge Wigenton addressed the same question in *Gregorio-Chacon v. Lynch*, No. 16-2768, 2016 WL 6208264 (D.N.J. Oct. 24, 2016). After quoting *Damus*, Judge Wigenton similarly found that aliens being held pursuant to § 1225(b)(2)(A) had some procedural due process protections. *Id.* at *5. The court in *Gregorio-Lynch* likewise determined that such protections were not coextensive with the protection afforded to those detained under § 1226(c) and, as a result, that a detention period of six months did not run afoul of the Due Process Clause. *Id.* More recently, the Middle District of Pennsylvania also ruled on the same issue. *Singh v. Sabol*, No. 16-2246, 2017 WL 1659029 (M.D. Pa. Apr. 6, 2017), *report and recommendation adopted*, 2017 WL 1541847 (M.D. Pa. Apr. 28, 2107). The court in *Singh* found that "arriving aliens detained pre-removal pursuant to § 1225(b) have a due process right to an individualized bond consideration once it is determine that the duration of their detention has become unreasonable." *Id.* at *4 (citation omitted). In *Singh*, the court determined that the period for which the petitioner had been detained, twenty-nine months, was unreasonable and ordered that the petitioner receive an individualized bond hearing within thirty days. *Id.*

In this matter, the Court agrees with the conclusions reached in *Damus*, *Gregorio-Lynch*, and *Singh*. Specifically, the Court finds that the Petitioner, being held as an arriving alien pursuant to § 1225(b)(2)(A), has some procedural due process rights. *Cf. Castro*, 835 F.3d at 449 n. 32

("We doubt . . . that Congress could authorize, or that the Executive could engage in, the indefinite, hearingless detention of an alien simply because the alien was apprehended shortly after clandestine entrance."); *see also Maldonado v. Macias*, 150 F. Supp. 3d 788, 808 (W.D. Tex. 2015) ("Because aliens detained under § 1225(b)(2)(A) have no access to an individualized determination regarding whether they are properly placed in the § 1225(b)(2)(A) category or properly detained because they present a flight risk and a danger to the community, the Court finds that detention pursuant to § 1225(b)(2)(A) is subject to a reasonable time limitation."). The Court also agrees with *Damus* and *Gregorio-Lynch* in that an alien being held pursuant to § 1225(b)(2)(A) does not have the same due process protections as one being held under § 1226. *See Zadvydas*, 533 U.S. at 693. ("It is well established that certain constitutional protections available to persons inside the United States are unavailable to aliens outside of our geographic borders.") (citations omitted). Nevertheless, the amount of time that Petitioner has been detained in this case – nearly eighteen months – has now become unreasonable and Petitioner is entitled to an individualized bond hearing.

### III. CONCLUSION

Petitioner has now been detained for close to eighteen months. His right to due process requires that he receive an individualized bond hearing. Therefore, the Court will order a bond hearing, governed by the procedures provided to aliens in discretionary detention under 8 U.S.C. § 1226(a). *See Diop*, 656 F.3d at 235 ("[s]hould the length of [the petitioner's] detention become

unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof.")

An appropriate Order follows.

Date: July 12, 2017                           s/ John Michael Vazquez
At Newark, New Jersey                 JOHN MICHAEL VAZQUEZ
                                                       United States District Judge