<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                                    :
JOSE VIELMAN MANCIA-SALAZAR,      :
                                                    :      Civil Action No. 17-147 (JMV)
            Petitioner,                         :
                                                    :
      v.                                           :      **OPINION**
                                                    :
CHARLES GREEN,                          :
                                                    :
            Respondent.                       :
_____:

On January 9, 2017, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28

U.S.C. § 2241 (ECF No. 1), challenging his prolonged detention by U.S. Immigration and Customs

Enforcement ("ICE").  On March 13, 2017, Respondent filed a response to the petition, opposing

habeas relief.  (ECF No. 6.)  On July 13, 2017, the Court granted the habeas petition and ordered

Respondent to provide Petitioner with a bond hearing.  (ECF Nos. 7, 8.)  Now before the Court is

Respondent's letter requesting that the Court vacate its Order dated July 13, 2017.  (ECF No. 9.)

Respondent contends this matter became moot when Petitioner was granted asylum and released

from custody on July 12, 2017.  (ECF No. 9.)[1]

Federal Rule of Civil Procedure 60(b)(6) provides that "on motion and just terms, the court

may relieve a party . . . from a final judgment, order, or proceeding" for any reason "that justifies

relief."  A habeas petition "generally becomes moot when [a petitioner] is released from custody"

because there is no longer "an actual injury traceable to the defendant and likely to be redressed

---

[1] Respondent submitted a copy of the order granting Petitioner asylum and the order to release.
(ECF Nos. 9-1, 9-2.)

by a favorable judicial decision." *Vasquez v. Aviles*, 639 F. App'x 898, 902 (3d Cir. 2016) (quoting

*DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)).  Unbeknownst to the Court, Petitioner

was no longer in custody, and the petition was moot when the Court granted it on July 13, 2017.

Therefore, the Court grants the request to vacate its Order of July 13, 2017, and dismisses the

petition as moot.


An appropriate Order follows.


Date: July 20, 2017
at Newark, New Jersey

                                        s/ John Michael Vazquez
                                        JOHN MICHAEL VAZQUEZ
                                        United States District Judge